IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLD C. HARMS, JR., | § | |
| TDCJ-CID NO. 1211789, | § | |
| | § | |
| v. | § | C.A. NO. C-06-440 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR, TDCJ-CID | § | |

**ORDER**

This is a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C.

§ 2254.  Pending is petitioner's motion for copies of pleadings.  (D.E. 17); see also (D.E. 13).

Petitioner previously filed a similar motion, (D.E. 13), which was denied as premature because

respondent had not filed an answer yet.  (D.E. 14).

Pursuant to the order for service of process, respondent must provide the following

information with his answer:

> respondent's answer shall be accompanied by the following
> documents relating to the conviction(s) of the court which
> petitioner attacks: (a) copies of the indictment(s), judgment(s),
> sentence(s), and order(s) pursuant to which petitioner is being
> held; (b) if petitioner appeals from the judgment or conviction or
> from any adverse judgment or order in a post-conviction
> proceeding, a copy of the petitioner's brief on appeal and a copy of
> the judgment on appeal, the statement of facts on appeal, the
> opinion(s) of the appellate courts or a reference to where it or they
> may be found in the reporters; (c) if petitioner has collaterally
> attacked the judgment of conviction or order in a post-conviction
> proceeding, a copy of petitioner's application for collateral relief
> including all answers and judgments rendered as a result; and (d) a
> copy of only such portions of the transcripts respondent considers
> relevant for the proper resolution of the action.

(D.E. 7, at 2).  Instead of filing these various documents with the answer, respondent filed the

state court records separately and did not serve them on petitioner.  (D.E. 8).

Rule 5 of the Rules Governing Section 2254 Cases indicates that respondent must provide copies of various documents to petitioner.  Specifically, Rule 5(c) requires that relevant portions of the transcript be attached to the answer.  Similarly, Rule 5(d) mandates that respondent include certain briefs and opinions with the answer.  <u>See</u> <u>also</u> <u>Foots v. Louisiana</u>, 793 F.2d 610, 612 (5th Cir. 1986) (per curiam) (discussing the requirements of Rule 5).

The Advisory Committee Notes to Rule 5 explain that "[t]he court may order the furnishing of additional portions of the transcripts upon the request of petitioner or upon the court's own motion."  Rule 5 of the Rules Governing Section 2254 Cases advisory committee notes (1976 Adoption); <u>see</u> <u>also</u> <u>Burns v. Lafler</u>, 328 F. Supp.2d 711, 717 (E.D. Mich. 2004) ("the district court may also order, on its own motion or upon the petitioner's request, that further portions of the transcripts be furnished"); <u>Ukawabutu v. Morton</u>, 997 F. Supp. 605, 609 (D.N.J. 1998) (same).  To the extent that any of these various documents should be filed with the answer, they must also be served on petitioner.  <u>See</u> Rule 5 of the Rules Governing Section 2254 Cases advisory committee notes (1976 Adoption) ("Rule 5 does not indicate who the answer is to be served upon, but it necessarily implies that it will be mailed to the petitioner (or to his attorney if he has one)."); <u>Pindale v. Nunn</u>, 248 F. Supp.2d 361, 364 (D.N.J. 2003) ("Rule 5 expressly requires a respondent to file an answer and to attach to and file with the answer certain documents from the underlying state criminal case.").

The Fourth Circuit has explained that Rule 5 requires "the exhibits contained in a habeas corpus answer to be a *part* of the answer itself, without which a habeas corpus answer must be deemed incomplete."  <u>Thompson v. Greene</u>, 427 F.3d 263, 268 (4th Cir. 2005) (italics in

original).  It further explained that "[i]t is irrelevant whether a petitioner can demonstrate need to the court, or whether he already has the documents.  Finally, the Attorney General is not entitled to unilaterally decide not to serve such exhibits on the basis that doing so would be unduly burdensome."  Id. at 271.

Accordingly, petitioner's motion for copies of pleadings, (D.E. 17), is hereby GRANTED.  Respondent is ordered to provide all documents required pursuant to Rule 5 of the Rules Governing Section 2254 Cases by December 19, 2006.

ORDERED this 12th day of December 2006.



_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE