IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLD C. HARMS, JR., | § | |
|     TDCJ-CID NO. 1211789, | § | |
| | § | |
| v. | § | C.A. NO. C-06-440 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     DIRECTOR, TDCJ-CID. | § | |

## **ORDER**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Terrell Unit in Rosharon, Texas. Proceeding pro se, he filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 1). On December 15, 2006, respondent filed an amended answer. (D.E. 19). Pending is petitioner's motion for an expanded record and evidentiary hearing. (D.E. 23).

Rule 8(a) of the Rules Governing Section 2254 Cases states that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(c) further requires that "[t]he judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." The Fifth Circuit has explained that "[a] hearing in a habeas proceeding is required only when, *inter alia*, the record reveals a genuine factual dispute." Tague v. Puckett, 874 F.2d 1013, 1015 (5th Cir. 1989) (emphasis added); see also Murphy v. Johnson, 205 F.3d 809, 815-16 (5th Cir. 2000) (discussing basis for evidentiary hearing).

Petitioner is challenging his convictions for burglary of a habitation with intent to commit a felony and injury to an elderly person by the 319th District Court in Nueces County, Texas. (D.E. 1, at 2). In the pending motion, he argues for an evidentiary hearing because he

asserts that "necessary documentation was not included in the earlier trial court record due to the negligence of Petitioner's court-appointed trial counsel." (D.E. 23). Nothing presented to date indicates that an evidentiary hearing is warranted.

Similarly, petitioner seeks to expand the record "to include the Corpus Christi Police Report, Case No. 03-009101, dated February 14, 2003, reporting officer M.D. Marcle, No. 000727." (D.E. 23). He asserts that the "police report is necessary to document the charge of perjury by the State's sole mental health expert." Id. The habeas rules allow the expanding of the record in limited circumstances: "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated." Rule 7(a) of the Rules Governing § 2254 Cases.

Petitioner has until February 6, 2007 to file his response to respondent's first motion for summary judgment. (D.E. 21). If petitioner determines that it is necessary to include the police report in his response, then he may attach it as an exhibit to that document.

It is therefore ORDERED that petitioner's motion for an expanded record and evidentiary hearing, (D.E. 23), be DENIED without prejudice.

ORDERED this 11th day of January 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE